UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2012 MAR 16  P 1: 58

U.S. DISTRICT COURT
NEW HAVEN. CT

DAMIEN COBB,
             Plaintiff,

    v.

BRIAN MULLIGAN, BRIT MOLLIN,
LENNY DONOFRIO, DANYA BAKER,
and CHRISTOPHER ROLLO,
             Defendants.

:
:
:
:
:
:
:
:
:
:

PRISONER
3:12cv371 (MRK)

## INITIAL REVIEW ORDER

Plaintiff Damien Cobb, currently incarcerated at the Northern Correctional Institution in

Somers, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000) seeking damages

only. Mr. Cobb names as defendants Lieutenant Brit Mollin, Captain Danya Baker, and

Correctional Officers Brian Mulligan, Lenny Donofrio, and Christopher Rollo ("Defendants").

Under 28 U.S.C. § 1915A (2000), the Court must review prisoner civil complaints and

dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon

which relief may be granted, or that seeks monetary relief from a defendant who is immune from

such relief. *Id.*

In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and

interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must

include sufficient facts to afford the defendants fair notice of the claims and the grounds upon

which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544,

555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.

Ct. 1937, 1949 (2009). A plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally

construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Mr. Cobb alleges that, on April 27, 2011, at the Cheshire Correctional Institution, the Defendants were escorting him back to his cell following a disciplinary hearing. Mr. Cobb thought the Defendants were acting aggressively and began dancing around to anger them. When they reached his cell, the hand-held camera used to videotape the escort was turned off. When Mr. Cobb pointed at the officer operating the camera and demanded that the camera be turned back on, Correctional Officer Mulligan and Lt. Mollin each sprayed Mr. Cobb with a chemical agent. The Defendants also allegedly pressed false outside charges against him for assaulting a correctional officer.

The Court concludes that the complaint should be served on the Defendants in their individual capacities and enters the following orders:

(1)     **The Pro Se Prisoner Litigation Office shall** verify the current work addresses of each defendant with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to each defendant at the confirmed addresses within **fourteen (14) days** of this Order. The Pro Se Prisoner Litigation Office shall report to the Court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Rule 4(d) of the *Federal Rule of Civil Procedure*.

(2)     **The Pro Se Prisoner Litigation Office shall** send written notice to Mr. Cobb of the

status of this action, along with a copy of this Order.

(3)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Corrections Office of Legal Affairs.

(4)     **The Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Rules 26 through 37 of the *Federal Rules of Civil Procedure*, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the Court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

IT IS SO ORDERED.

Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: March 16, 2012.

3